STATE OF INDIANA *v.* LENOX ET AL.

[No. 31,126. Filed June 4, 1968.]

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellant.

*W. H. Parr, Jr., Thomas H. Pedersen,* of Lebanon, and *Henry J. Price,* of Indianapolis, for appellees.

JACKSON, J.—On January 9, 1958, appellant filed its complaint in condemnation seeking the appropriation of approximately three and one-half acres out of a tract of land of approximately eight and one-half acres owned by appellees Richard M. and Mary Herr Lenox, husband and wife. The land sought to be appropriated was sought for the improvement of a public highway in Boone County, Indiana, known as State Road No. 52. The property condemned included a gasoline service station leased by appellee Shell Oil Company and sub-leased by appellee Richard E. Cook, the legal description of the land so appropriated is hereinafter set forth in the judgment.

Thereafter, on February 15, 1958, the court found appellant was entitled to appropriate and condemn the real estate described, entered its order to that effect, and appointed three disinterested resident freeholders of the county as appraisers. The appraisers on March 8, 1958, made and filed their report and appraisal in the total sum of one hundred twenty thousand five hundred dollars. Exceptions to the report of the appraisers were filed by all parties.

Thereafter the matter came on for trial by jury resulting in the return on November 12, 1965, of the following verdict:

"We, the Jury, find for the defendants and assess their damages in the sum of one hundred thirty nine thousand dollars ($139,000.00)."

On December 8, 1965, appellant filed its Motion For New Trial.

Appellant's Motion for New Trial was overruled on December 12, 1966.

Appellant's Assignment of Errors and Transcript were filed in the office of the Clerk of this Court March 10, 1967. The assigned error is the single specification that,

"The Court erred in overruling appellant's Motion for a New Trial."

On April 12, 1967, the court below rendered judgment on the verdict of the jury, which judgment in pertinent part reads as follows:

"1. That the defendants are entitled to interest in the amount of Nine Thousand Three Hundred Seventy Three Dollars and Twenty Eight Cents ($9,373.28) from March 20, 1958, to March 20, 1967, plus the amount of the judgment as determined by the jury in the amount of One Hundred Thirty Nine Thousand Dollars ($139,000.00).

2. That the plaintiff, State of Indiana, paid the award of the court appointed appraisers in the amount of One Hundred Twenty Thousand Five Hundred Dollars ($120,500.00), together with the fees for said appraisers to the Clerk of the Court on the 20th day of March, 1958.

3. That the order of appropriation entered herein on the 15th day of February, 1958, for an easement for highway right of way over the defendants' real estate as described in the plaintiff's complaint as amended should be confirmed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the order of appropriation entered herein on the 15th day of February, 1958, be, and the same is hereby confirmed and the easement for highway right of way over defendants' real estate described in plaintiff's complaint as amended be, and the same is appropriated, said easement for highway right of way being more particularly described as follows:

Begin at a point eight hundred sixty nine and six tenths feet West of the Southeast corner of the Northeast quarter of Section One Township eighteen North Range one West run thence South eighteen degrees nine minutes West twenty five feet following the Center Line of State Road thirty nine thence West Following existing fence four hundred sixty feet thence North following existing fence six hundred thirty nine feet; Thence East

following existing fence two hundred thirty two and ninety eight hundredths feet to the point of beginning, said intended point of beginning being that point measured at right angles (ninety degrees) sixty feet right from Station 2036 ≠ 56 on Line '39SC' as shown upon the plans of Project IN-03-4 Section 4 Sheet 14 on file in the offices of the State Highway Department of Indiana; And from said point of beginning, thence North twenty degrees and one minute East two hundred twenty seven and two tenths feet to a point;

Thence South fifty four degrees and thirty two minutes East three hundred seventeen and one tenth feet to a point;

Thence South fourteen degrees and twenty eight minutes East one hundred eight and nine tenths feet to a point;

Thence South eighteen degrees and sixteen minutes West five hundred eighty eight and two tenths feet to a point;

Thence West sixteen and three tenths feet to a point;

Thence North eleven degrees and fourteen minutes East two hundred one and a half feet to a point;

Thence North thirty one degrees and forty one minutes West three hundred twenty one and eight tenths feet to a point;

Thence North twenty six degrees and fifty nine minutes West sixty eight and seven tenths feet to a point;

Thence North nineteen degrees and twenty two minutes West one hundred eight and one tenths feet to a point.

Thence East thirty four and one tenths feet to the place of beginning and containing three and four hundred fifty five thousandths of an acre more or less (3.455 Acs. ≠)

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the defendants, Richard M. Lenox and Mary Herr Lenox (H&W), and Richard E. Cook and Shell Oil Company, have and recover from the State of Indiana as final and total damages the sum of One Hundred Thirty Nine Thousand Dollars ($139,000.00), together with interest in the sum of Nine Thousand Three Hundred Seventy Three Dollars and Twenty Eight Cents ($9,373.28) computed from March 20, 1958 to March 20, 1967 and that the Clerk of the Court pay said amount to the defendants,

less the sum of One Hundred Twenty Thousand Five Hundred Dollars ($120,500.00) which said amount has already been paid the defendants herein when they withdrew the court appointed appraisers award of One Hundred Twenty Thousand Five Hundred Dollars ($120,500.00), so the sum of Twenty Seven Thousand Eight Hundred Seventy Three Dollars and Twenty Eight Cents ($27,873.28) more is owing the defendants in this cause.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff, State of Indiana, pay to the Clerk of the Court the sum of Twenty Seven Thousand Eight Hundred Seventy Three Dollars and Twenty Eight Cents ($27,873.28), which amount when added to the amount of the court appointed appraisers' award of One Hundred Twenty Thousand Five Hundred Dollars ($120,-500.00) previously paid in, equals the amount of this judgment, with interest to and including March 20, 1967."

In its summary of argument in its brief appellant discusses five (5) alleged errors. As a matter of convenience we set them out verbatim.

"On direct examination, Mr. Cook testified to the reduction in value of several items of equipment he owned and used in the service station. On cross-examination, it developed that these items were movable personal property, and that he apparently used at least some of this equipment in his new station. Appellant then moved to strike his testimony as to the value of the equipment. The court erred in overruling this motion.

On cross examination, another witness for Appellee volunteered the inadmissible and highly prejudicial statement that Appellant had purchased land just across the road from the subject property from Appellee Lenox at $57,000.00 for 10 acres. Appellant submits that this error could not be cured by an instruction and that the court erred in refusing to set aside the submission of the case.

The court erred in refusing to give Appellant's tendered interrogatories to the jury. In this complicated case, the jury returned a general verdict and answered no interrogatories whatsoever.

The court erred in refusing to instruct the jury that they should first determine the damage to the property as a whole and then apportion it among the various interest holders.

The court erred in refusing to give Appellant's instruction as to the method of determining the value of a leasehold interest. The jury received no instruction whatsoever on the subject."

Appellant first asserts that the trial court erred in refusing to strike the testimony of Mr. Cook as to the value of several items of equipment as being personal property. Appellant has waived this alleged error by failing to provide this Court with the page and line of the transcript where such testimony may be found. Supreme Court Rule 2-17. Furthermore error, if any, committed by the court in refusing to strike the alleged testimony was cured by the trial court when it gave to the jury, State's Instruction No. 20, reading as follows:

"I instruct you that the action by the State of Indiana in condemning a portion of defendants' property did not include the personal property of any of the defendants lying on the premises taken, but not affixed thereto. Therefore, damages for injury to such personal property or the expense of removing it from the premises are not proper elements of compensation."

Appellant next argues the trial court erred in refusing to withdraw the submission of the cause from the jury when one of appellees' witnesses volunteered testimony on cross examination that the State had paid $57,000.00 for ten (10) acres of land just across the road from the land here being condemned. This alleged error was also waived by appellant's failure to provide the court the page and line of the transcript where such testimony may be found. Notwithstanding, in the interest of justice we will decide the question on the merits.

On direct examination appellees' witness, Joseph Ford, was asked if he had used comparables in his appraisal of the land in question. When Ford started to describe the ten (10) acres across the road from the land in question, appellant's attorneys objected on the ground that it was not a proper comparable. Appellees' attorney then substituted a question. The ten (10) acres were not mentioned again until appellant's

attorney asked Mr. Ford the following question on cross examination:

"Mr. Witness, in your direct examination I believe you referred to a comparable could you tell us the name of the grantor and the grantee in that comparable that you were referring to?"

Mr. Ford answered:

"This was the State of Indiana paid Mr. Lenox $57,000.00 for ten acres."

Appellant's attorney then said:

"Now we move to strike out the answer and we move you instruct the jury to ignore the prejudicial matter of his answer, I did not ask the witness that question."

The Court:

"Strike the answer the jury will ignore it."

Appellee objected to the ruling. Thereupon appellant's counsel, out of the hearing of the jury, moved the court to withdraw the submission of the cause from the jury. Appellant's motion was overruled, to which ruling appellant objected.

When a motion to strike testimony is sustained and the jury is instructed to disregard an answer, any objection or error is ordinarily cured. The trial court is in better position to determine the effect of such testimony than this Court. The trial court has a wide field of discretion as to withdrawing the case from the jury. This Court will interfere only where, notwithstanding the efforts of the trial court to correct the abuse, the irregularity appears to be such as to prevent a fair trial. *N.Y. Central Ry. Co.* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. 2d 453, 108 N. E. 2d 57.

Appellant has failed to show how it was prejudiced by not having the case withdrawn from the jury. Furthermore, on this ground, any possible error was cured when the trial court gave Defendants' (Lenox and Cook) Instruction No. 15, which reads as follows:

"In considering all the evidence presented in this case in arriving at your decision, you are not to take into consideration voluntary statements made by any of the witnesses concerning sales of property made to the State of Indiana previous to the date of condemnation by the State."

Appellant next contends the trial court erred in refusing to give appellant's tendered interrogatories to the jury. The giving of interrogatories is provided for by Acts 1897, ch. 85, § 1, p. 128, as amended, being § 2-2022, Burns' 1968 Repl., which reads in pertinent part as follows:

"Interrogatories must not seek evidence, but must seek ultimate facts which are material to the issues; must not call for legal opinions or conclusions; and shall be restricted so as not to confuse the issues but to simplify them. The court shall have discretion in the giving or refusing of interrogatories, and refusal to submit interrogatories to the jury shall only constitute reversible error where there has been an abuse of discretion and the finding of ultimate fact would have been decisive or controlling of a material issue."

Appellant has failed to show that the trial court abused its discretion in refusing to submit the interrogatories to the jury and that the finding of ultimate fact would have been decisive or controlling of a material issue or even to identify that material issue.

Appellant next urges that the trial court erred in refusing to give State's Tendered Instruction No. 14 which reads as follows:

"I instruct you that where there are several interests in a parcel of real estate taken by eminent domain, the proper method of fixing the value of, or damage to, each interest is to determine the value of, and damage to, the property at a whole, and then to apportion the same among the several owners according to their respective interests."

In support of the above instruction appellant cites *City of Evansville* v. *Bartlett* (1962), 243 Ind. 464, 186 N. E. 2d 10, 186 N. E. 2d 799. But in that case this Court at page 470 said, "The allocation of that sum by the court between the appellees might well be a matter of con-

490

troversy between the appellees, but certainly the allocation between them would be of no concern to the appellant." The appellant was not prejudiced by the refusal to give its Instruction No. 14.

Appellant finally argues the trial court erred in refusing to give State's Tendered Instruction No. 17 which reads as follows:

> "I instruct you that the damages, if any, resulting to a lessee from the taking of a leasehold interest, are measured by first arriving at the fair rental value of the lease for the remainder of its term, and then subtracting from this fair rental value, the actual rent payable under the provisions of the lease for said remainder of its term.
>
> If the actual rent payable under the provisions of the lease for the remainder of its term equals or exceeds the fair rental value for the remainder of the term, then no damages are due the lessee."

We have already pointed out that the allocation of compensation between lessor and lessee is of no concern to the State. It was not necessary for the jury to consider or determine the lessees' damages separately. The fact that property taken under the power of eminent domain is subject to a leasehold interest ordinarily has no effect on the valuation of such property insofar as such valuation is based on multiple ownership. The award stands in place of the land, and the owners of each interest may recover out of the award the same proportionate interest which they had in the land condemned. 4 *Nichols on Eminent Domain,* § 12.42.

Appellees assert Instruction No. 17 was further properly refused as there was no evidence introduced as to the fair rental value of the lease for the remainder of its term or the actual rental remaining to be paid; thus, the jury would have had no facts to which to apply the formula set out in the instruction. Appellant has not attempted to refute appellees' assertion.

Finding no reversible error, the judgment is affirmed.

Lewis, C. J., and Arterburn and Hunter, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 248.