ESTADO LIBRE ASOCIADO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE EXPROPIACIONES, HON. PEDRO SANTOS BORGES, JUEZ, demandado; JOSÉ RAMÓN AMADOR SAAVEDRA, interventor.

*Número:* O-69-192     *Resuelto:* 9 de marzo de 1970

*Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino, e Ida Cardona Hernández de Orenstein, Procuradora General Auxiliar,* abogados del peticionario; *Clemente Pérez Martínez,* abogado del interventor.

PER CURIAM: El Estado Libre Asociado incoó una demanda en 23 de octubre de 1967 para expropiar una parcela de terreno sita en el pueblo de Hatillo de 285.05 metros cuadrados y las edificaciones que en la misma enclavaban, designando como personas interesadas, entre otras, al Municipio de Hatillo, a cuyo nombre figuraba inscrito el solar, a los esposos Pedro Amador Hernández y María Saavedra, como usufructuarios del solar, y a los esposos José Ramón Amador Saavedra y Nydia Toledo, dueños de las edificaciones. Consignóse como compensación la suma de $7,057.00 como valor del derecho de usufructo y las edificaciones (caso E-67-799), y $1.00 a favor del Municipio "por cualquier posible interés que pueda tener" (caso E-67-798). En 17 de noviembre siguiente se declaró con lugar una moción de retiro de fondos presentada por los esposos Amador-Toledo y se ordenó entregarles la suma de $7,057.00. ([1])

---

[1] Todo cuanto aparece en los autos originales es copia de una minuta que hace referencia a la orden de entrega. La moción sobre retiro de fondos, si es que se formuló por escrito, no está unida al expediente.

Varios meses después, en 7 de junio de 1968, el expropiante acudió mediante una moción que intituló "sobre enmienda al Exhibit A" en la que expuso en esencia que la suma de $7,057.00 que había consignado en el caso E-67-799 se distribuía en la siguiente forma: $3,961 por las edificaciones y $3,096.60 por el solar; que, conforme a una certificación registral, el derecho de usufructo del solar no figuraba inscrito a nombre de los esposos Amador-Toledo, y que de haber el municipio consentido a la concesión del usufructo a favor de éstos, tal actuación sería contraria a la Ley Núm. 166 de 13 de mayo de 1941, 21 L.P.R.A. sec. 777 et seq.,([2]) porque el solar se había dedicado no para fines residenciales, sino para el arrendamiento de locales comerciales.([3]) En tal virtud solicitó que se transfiriera la suma de $3,096.60 que correspondía al valor estimado del solar al caso E-67-798 para que fuese puesta a disposición del Municipio de Hatillo.

---

Solamente en la carátula aparece una nota que lee: "El Ldo. José Ramón Amador y esposa son los únicos dueños con interés en la prop. del caso del epígrafe. (Estip.) Contrib. pagadas según certif. examinada. Expídase cheque por suma consignada s/intereses."

([2]) "Artículo 1.—Se autoriza a los municipios de Puerto Rico a asignar e invertir hasta el seis (6) por ciento del montante total de su presupuesto ordinario para cada año, excluyendo la proporción fijada por ley para instrucción pública, sanidad Insular, y local y otras atenciones cuya proporción esté fijada por ley, en la compra, adquisición y urbanización de terrenos contiguos a la zona urbana de los mismos, para ceder y distribuir los solares en dichos terrenos, solamente en usufructo, exclusivamente a jefes de familias que no tengan hogar propio ni propiedad cuyo valor exceda de mil (1,000) dólares, o que no tengan otra propiedad que un hogar cuyo costo y valor no exceda de dicha cantidad y esté radicado en algún arrabal de la zona urbana del municipio, a los primeros para construir en dichos solares y a los últimos para trasladar a los mismos una casa destinada a vivienda, exclusivamente, cuyo valor y costo no exceda de mil (1,000) dólares."

([3]) "Artículo 2.—No se permitirá destinar las casas que se levanten en los solares concedidos con arreglos dispuestos en esta Ley, o trasladadas a los mismos a ningún fin que no sea para el hogar de la familia del cesionario del solar, y no podrán dedicarse a alquiler ni a la explotación de ningún negocio; *Disponiéndose*, que en caso de obreros que tengan un oficio éstos podrán dedicarse a las labores propias del mismo en las viviendas que ocuparen."

Para someter este incidente el Estado y los esposos Amador-Toledo estipularon los siguientes hechos:

"1.—Que la inscripción primera de la finca número 1738 se hizo a favor del Municipio de Hatillo a título de dominio(⁴) al folio 220 del tomo 32 de Hatillo.

2.—Que en 13 de febrero de 1914 el Municipio de Hatillo cedió dicho solar en usufructo por primera vez a Francisco González. Dicho solar fue 'concedido al uso y sin propiedad y por tiempo ilimitado', según certificación emitida por Pedro J. Navas, Secretario Municipal, presentada en el Registro de la Propiedad.

3.—Que por ordenanza número 10 fechada 3 de octubre de 1953, el Municipio de Hatillo concedió el derecho de usufructo sobre dicho solar a Ana Lydia Delgado. (Aparece unida a los autos una copia del Registro de Solares Municipales donde se identifica dicho solar con el número 038-011-16.)

4.—Que mediante las ordenanzas número 22 del 21 de abril de 1954 y número 14 de 16 de mayo de 1958, se autorizó la venta del referido solar a Ana Lydia Delgado a razón de $2.00 el metro cuadrado.

5.—Que Ana Lydia Delgado nunca se acogió a las disposiciones de las referidas ordenanzas para adquirir el título de dominio del solar a razón de $2.00 el metro cuadrado.

6.—Que por escritura pública número 52 otorgada en Hatillo, Puerto Rico, el 26 de mayo de 1962 ante el Notario Público Ángel G. Avila, José Ramón Amador Saavedra adquirió de Pedro Amador Hernández y otros, el siguiente inmueble:

[Descripción de las edificaciones]

7.—Que la escritura antes mencionada se inscribió al folio 239 del tomo 92 de Hatillo, finca número 1738 triplicado, inscripción decimocuarta. (Aparece unida a los autos copia certificada de la referida escritura.)

8.—Que a su vez Pedro Amador Hernández había adquirido el inmueble antes descrito por compra a don Emilio [sic] Ruiz

---

(⁴) Según certificación registral la finca de mayor cabida de la cual se segregó este solar fue adquirida en o antes de 1914 por donación de don Agustín Ruiz Miranda.

Hernández, según consta de la escritura pública número 3 otorgada en Arecibo, Puerto Rico el 16 de enero de 1958 ante el Notario Público Isaías Manuel Crespo, inscrita al folio 237 del tomo 92 de Hatillo, finca número 1738 triplicado, inscripción décimo tercera. (Se acompaña copia certificada de la referida escritura.)

9.—El título del demandado no se origina de ordenanza alguna del Municipio de Hatillo *pero sí procede de antecesores en título que derivaron los suyos de aquel originalmente concedido a Ana Lydia Delgado,* conforme resulta de las compraventas que fueron debidamente inscritas en el Registro de la Propiedad. (Véase certificación del Auditor Municipal del Municipio de Hatillo de fecha 15 de agosto de 1968 que aparece unida a los autos.)

10.—Que la estructura existente en el solar está dividida en locales comerciales, los cuales están arrendados . . . .

11.—.    .    .    .    .    .    .    .

12.—Que el Honorable Alcalde de Hatillo compareció ante este Honorable Tribunal y solicitó se reconociera el interés que a dicho Municipio pudiere corresponder en el solar.

13.—Que el tasador del Estado estimó el valor del solar en $3,096.00 y el valor de la estructura en $3,961.00 para un total de $7,057.00 que fue la suma consignada."

Al denegar la solicitud de enmienda el tribunal recurrido sostuvo que (a) la Ley Núm. 166 de 13 demayo de 1941, *supra,* no era aplicable porque la concesión original de usufructo por el Municipio databa de fecha anterior a 1941, y, (b) el derecho de nuda propiedad del Municipio "podría ser compensado por el Estado Libre Asociado de Puerto Rico sin que se afecten los derechos del usufrutuario", sugiriendo que como aparecía que el Municipio estaba en disposición de vender su derecho a razón de $2.00 por metro cuadrado, "el derecho del Municipio podría ser compensado en $516.10."

El Estado Libre Asociado apunta que el tribunal a quo incidió (a) al determinar que Amador era usufructuario del solar expropiado; (b) al no determinar derecho alguno sobre el inmueble a favor del Municipio de Hatillo, y (c) al deter-

minar que, en el supuesto de que Amador hubiese tenido título de usufructo sobre el solar, le correspondía como valor de sus derechos toda la suma consignada de $7,057.00.

■ Precisa advertir que no hay controversia alguna sobre la valoración del solar y las edificaciones y que, por tanto, la responsabilidad del Estado Libre no se agrava económicamente por cualquier determinación que se haga sobre la existencia o no de un derecho de usufructo a favor de Amador y de nuda propiedad a favor del Municipio. En este procedimiento su actuación se limita a obtener la declaración del título a su favor y a determinar el importe que debe consignar como valor justo y razonable de los bienes expropiados. *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961, 971 (1953). El Municipio, parte realmente interesada—de no reconocerse el derecho de usufructo de Amador al Municipio le correspondería íntegramente la suma consignada como valor del solar—no ha comparecido expresamente a hacer reclamación alguna sobre el fondo consignado. ([5]) Dudamos mucho que, en ausencia de tal reclamación, el Estado pueda plantear la controversia sobre los respectivos derechos del nudo propietario y el supuesto usufructuario. Sólo en el caso de que se viese obligado a consignar una suma adicional a la ya depositada podría justificarse su intervención en este aspecto del caso.

■ De todas formas, conforme a la estipulación transcrita el usufructo del solar en cuestión ha venido concediéndose o reconociéndose desde 1914. La Ley Núm. 166 que se invoca, legislación especial aprobada para beneficio de la clase obrera con el fin de facilitarles la adquisición de viviendas, no es de aplicación. La concesión del usufructo del solar expropiado se regía bien por la Ley Núm. 40 de 7 de

---

([5]) Aunque se estipuló que el alcalde había solicitado se reconociera el derecho que pudiera corresponder al Municipio en el solar, no compareció a la vista de la moción ni formuló alegación escrita alguna.

marzo de 1912 (Leyes, pág. 76), (⁶) o por el Art. 70 de la Ley Municipal de 1928, 21 L.P.R.A. sec. 262. (⁷) *Jiménez* v. *Álvarez*, 69 D.P.R. 323 (1948). El mismo hecho de que el solar se ofreciera en venta por el Municipio en dos ocasiones, en 1954 y 1958, demuestra que la Ley Núm. 166 era inaplicable, pues ésta sólo permitía la cesión en usufructo.

■ Es cierto que en 1962 cuando Amador adquirió las edificaciones la Ley Municipal vigente no autorizaba a los municipios a ceder solares en usufructo. Véanse Arts. 98 a 100 de la Ley Municipal de 1960, 21 L.P.R.A. secs. 1651 a 1653. Pero esto no es determinante, porque (a) no se ha demostrado que el derecho de usufructo de este solar específico—que comenzó a concederse en 1914—hubiese revertido al Municipio, y (b) la mencionada ley no afectó la facultad de los usufructuarios a ceder, vender o traspasar los derechos que habían adquirido antes de su vigencia, siempre que cumplieran con las condiciones impuestas por la ley. *Jiménez* v. *Álvarez*, 69 D.P.R. 323 (1948).

Finalmente habiendo sido el Municipio incluido como demandado y debidamente emplazado, cualquier reclamación que tuviere por su derecho de nuda propiedad debe dirigirse con-

---

(⁶) "Sección 1.—El concejo municipal de cualquier municipio queda por la presente autorizado para conceder, a petición el aprovechamiento de cualquier solar de su pertenencia, que esté situado en la zona urbana, siempre que sea para construir edificaciones sobre ellos.

"Los concejos municipales deberán especificar en las concesiones que otorgaren los derechos respectivos del cedente y del cesionario o sus sucesores respecto a propiedad de los edificios, su reconstrucción en los casos en que fueren destruídos o deteriorados y cuanto no se opusiere a lo preceptuado en esta ley."

(⁷) El párr. primero de dicho artículo lee como sigue:

"La asamblea municipal podrá, a petición, conceder solares a perpetuidad, para la construcción de casas en los mismos, en las condiciones que fije aquélla en ordenanza aprobada al efecto; y, una vez concedido un solar como queda dicho, tendrá el dueño de la casa construida en él, el uso de dicho solar durante todo el tiempo que mantuviere allí un edificio en buenas condiciones, de acuerdo con los reglamentos establecidos en dicha ordenanza."

tra el fondo consignado, (8) a menos que se demostrare que el valor total de los derechos envueltos excede del atribuido al título de dominio. *Pueblo* v. *McCormick, Alcaide & Co.*, 78 D.P.R. 939, 946 (1956). Orgel, *Valuation under Eminent Domain*, vol. 1, § 109; Nichols, *Eminent Domain*, vol. 4, § 12.36; *State* v. *Lenox*, 237 N.E.2d 248 (Ind. 1968).

*Se anulará el auto expedido y se devolverá el caso para ulteriores procedimientos respecto a la valoración del derecho de nuda propiedad del Municipio.*

El Juez Presidente Señor Negrón Fernández no intervino.

---

(8) Aunque se asignaron dos números distintos ello responde a una conveniencia procesal, habida cuenta que el inmueble a que se refiere la expropiación constituye una unidad física.