WALTER E. BEST AND DONA J. BEST *v.* STATE OF INDIANA.

[No. 2-1273A272. Filed December 29, 1975.]

*Willis K. Kunz, William A. Waddick, Kunz and Kunz,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

WHITE, J.—Appellants-property owners (Bests) appeal from a judgment entered upon a jury verdict awarding them $15,000 and interest as full compensation for damages incurred by the condemnation by the appellee (State) of a portion of a parcel of real property owned by said appellants. In this appeal Bests allege error in certain questions asked

of witnesses by the State (some supposedly in violation of a motion previously granted by the trial court) and allege error in the amount of the award.

We affirm.

In 1964 Bests acquired 2.163 acres of land located at the intersection of State Road No. 37 and 75th Street in Marion County. In June of 1968 the State filed its complaint for the appropriation in fee simple of .287 acres of that land, and for the acquisition of a temporary easement over an additional .102 acres, for the purpose of improving both roads.

Bests' first argument is that it was error to permit the State on cross-examination to elicit testimony from their first witness, appellant Walter E. Best, as to the size (51 acres) of a parcel of property owned by Best Lock Corporation. The property was located on an adjacent corner of the same intersection and Walter E. Best was the president of the corporation. Bests' argument is that the size of a nearby parcel of ground was irrelevant and immaterial, and that the State's sole purpose in asking the question was to inform the jury that Bests were wealthy and thus to prejudice the jury against them.

We agree with appellants that absent peculiar circumstances the size of a nearby property would be of doubtful materiality in determining damages in a condemnation action, but we need not decide whether the admission (or exclusion) of such evidence would constitute reversible error. Assuming *arguendo* that it would be reversible error, such error has been waived in this case.

On direct examination the witness testified that he was president of Best Lock Corporation and described the location of that corporation's property. Further, through that same witness, Bests introduced into evidence four aerial photographs (Exhibits 3-6) taken by the witness from his private plane. In each the Best Lock property is visible and was pointed out by the witness on direct examination. In

Exhibit 6 the entire Best Lock property is visible but only a portion of the Bests' property. When asked to identify Exhibit 3 the witness replied:

"A. It's a picture of Best Lock Corporation, generally looking south from about a thousand feet."

In response to further questioning the witness stated that Exhibit 3 also showed the general nature of the land around the subject property. Only the subject property and the Best Lock property were identified in any of the photographs; no other properties, other than roads and railroads, were identified either by ownership or use.

Exhibit 5, a photograph taken around 1962 or 1963, shows the Best Lock property as containing, *inter alia*, a building, one large parking lot (presumably for employees) and two smaller parking areas, a long private drive, and a private landing strip. The size of the building is not directly apparent since the scale is not shown. However, the building and the parking lot appear to occupy approximately the same area and the parking lot containing 76 cars appears slightly more than half-full. Exhibit 6, taken in 1964, shows a second building of the same size under construction, which could indicate the business had prospered.

After having themselves placed before the jury all this information concerning the Best Lock property, Bests cannot reasonably contend that the State's sole purpose in having the size of that property specified was to prejudicially impress the jurors with Bests' possible wealth. In fact, the record strongly supports the State's argument that in view of the lack of perspective inherent in aerial photographs and the distortion in perspective produced by camera angle it was necessary, in order to prevent a misconception of the development potential of the subject property, that the jury be specifically advised that this industrial complex was on a 51 acre piece of property and not on a 2.163 acre piece of property.

Bests' second argument concerns the various attempts made by the State to introduce into evidence the price paid by Bests for the property in 1964, four years before the property was condemned, and especially one such attempt allegedly made in violation of the trial court's order granting a motion previously filed by Bests. These persistent attempts on the part of the State, made in the presence of the jury and despite the court's rulings, Bests argue, were misconduct on the part of the State that impermissibly prejudiced the jury.

Before analyzing this argument we note that the purchase price paid by a landowner for property may be admissible as evidence of the property's market value at the time of the taking, *State* v. *Valley Development Corporation, Inc.* (1971), 256 Ind. 278, 268 N.E.2d 73, and also that the admission or exclusion of testimony concerning the sale of any property is within the discretion of the trial court, *Valley Development Corporation, supra* (dissenting opinion) ; *State* v. *Quackenbush* (1973), 158 Ind. App. 603, 303 N.E.2d 830, at 833-4. We further note that the trial court had made no ruling *in limine* on whether questions and/or testimony concerning the purchase price of the subject property were permissible. Nor was such a ruling requested.

On the morning of the second day of trial Best did file a motion specifically requesting the court to

". . . instruct the Deputy Attorney General for the State of Indiana not to ask the purchase price of the subject property from his appraiser, Kenneth Chitwood, unless said purchase price was listed as a comparable sale in the appraisal report of said appraiser for the reason that purchase price of real estate is not admissible except as a comparable under the same conditions as any other comparable."

In granting that motion the court made no ruling concerning like questions to other witnesses.

Thereafter, during the direct examination of the witness Chitwood, named in that motion, he was asked whether he had determined the price paid by Bests for the property. Bests' objection was sustained and the State, after noting that the amount was not asked, withdrew the question.

Bests argue that this was in direct contravention of the ruling on Bests' motion. That argument must be rejected since Bests' motion did not ask the court to prohibit the State from showing that Chitwood knew the purchase price but merely to prohibit the State from asking Chitwood (and only Chitwood) what the price was. If no objection had been made to the question asked and the State had then asked Chitwood the price, that second question would have been a violation. As it is, the State may have felt compelled to establish knowledge of the price prior to making an offer to prove. (Such an offer was subsequently made during a recess outside the presence of the jury.)

The State inquired about the purchase by Best during the examination of four witnesses. During cross-examination of Walter Best, the first of Bests' two witnesses, the State, as a preliminary to asking the purchase price, inquired as to the date of purchase. An objection that the question was outside the scope of direct examination was sustained. Bests' expert valuation witness testified on direct examination that he had not used the purchase of the subject property by Bests as a comparable in reaching his opinion of the value of the property, and explained the circumstances surrounding that transaction (as he understood them) that caused his rejection. When, on cross-examination, the State inquired as to the purchase price Bests objected that inasmuch as the witness had not used that transaction as a comparable sale the purchase price was not admissible on cross-examination. The court sustained the objection. The State's expert valuation witness, as noted above, was not asked what the purchase price was, but whether he knew the purchase price. An

objection that this question violated the ruling on the motion was sustained. The State then called Walter Best as a witness, and, on direct examination, asked him the amount he had paid for the property. The landowners objected that the witness had not testified as to value. During the discussion that followed, the court indicated that he couldn't "see what difference it makes what he paid for it anyhow," a possible implication that the court considered the purchase price immaterial and therefore inadmissible. The purchase price, insofar as the record shows, was never again mentioned.

In short, the record shows that Bests, in their motion, tacitly acknowledged that the purchase price of property being condemned is, at least under some conditions, admissible evidence; that on any given occasion Bests' objection to evidence about the price was directed solely to the manner in which the State sought to introduce the evidence; that Bests never requested the court to rule that the purchase price was inadmissible *per se;* that the court never specifically ruled the purchase price inadmissible *per se;* and that there was no mention of purchase price after the court ambiguously indicated that the price might be immaterial and thus might be inadmissible. The record shows that the State was ordered not to ask a specific witness a specific question; it does not show that the State asked that question of that witness.

Bests rely strongly on *Troxel* v. *Otto* (1972), 153 Ind. App. 457, 287 N.E.2d 791, in arguing persistent and prejudicial misconduct of counsel, but the factual and procedural differences between it and this case render it inapplicable here.[1]

Bests' final argument is that the amount of the verdict is insufficient and that it is not supported by the evidence. This argument is a request for this court to weigh the evidence and that we will not do. The landowners presented only one valuation witness and he

1. In *Troxel* an item of evidence specifically ruled inadmissible during opening argument was knowingly and intentionally referred to several times despite the specific exclusion.

testified that in his opinion the total damages amounted to $75,000.00; the State presented only one valuation witness and he testified that in his opinion the total damages amounted to $13,200.00; the jurors listened to the witnesses, viewed the property and determined that the total damages amounted to $15,000.00. The rule in Indiana is that a reviewing court "will not disturb an award for damages when the amount is within the bounds of the probative evidence adduced at trial." *Annee* v. *State* (1971), 256 Ind. 686, 689, 271 N.E.2d 711, 712, and cases cited therein.

As part of this argument Bests contend that the trial court erred in not granting their motion to strike Chitwood's entire testimony because in forming his opinion of damages he had used the sale of a lot to the City of Indianapolis as a comparable sale. A sale made to an entity possessing the power of eminent domain, Bests maintain, is an "illegal" comparable, citing *Cleveland, C. C. & St. L. Ry. Co.* v. *Smith* (1912), 177 Ind. 524, 97 N.E. 164; *Illinois Central Railroad Co.* v. *Howard* (1925), 196 Ind. 323, 147 N.E. 142; and *State* v. *Lenox* (1968), 250 Ind. 482, 237 N.E.2d 248. While the cases cited do hold that such sales are not a fair criterion of value, they do not hold that such sales may not be considered by expert witnesses in arriving at their appraisals.

Quite to the contrary, the case of *Gradison* v. *State* (1973), 260 Ind. 688, 700, 300 N.E.2d 67, 76, in discussing an expert witness' use of property sales occurring years before and years after the condemnation as comparable sales, said:

". . . The landowner objected by reason of the remoteness in time and subsequently moved to have all of the witness' testimony relating to values affecting the subject property stricken, as based upon such data. In this regard, the landowner has failed to distinguish between evidence of sales of comparable property offered as substantive evidence of the value of the property to which the comparison relates and evidence of such sales given by an expert in account of the factual basis upon which he grounds his opinion. In

respect to the latter, all data upon which he relied in the formation of his opinion is relevant and any lack of comparability is a matter to be considered in determining the weight to be given his opinion. This is analogous to the situation under consideration in United States v. Delano Park Homes (2d Cir. 1944), 146 F.2d 473, wherein Judge Learned Hand, acknowledging that a sale under threat of condemnation would not be admissible as independent evidence, said 'Be that as it may, it would be absurd to exclude a qualified expert's appraisal because he had considered such evidence; indeed he ought to consider it; it is part of the data on which his opinion should rest. It is just because he is an expert, and for that reason able to give its proper weight to all data, that he is allowed to appraise the property at all. No court has held, so far as we can find, that his opinion shall not be received because it is so based in part; and we should not follow its ruling, if there were one, unless we have no escape.' "

Chitwood, the expert witness, was entitled to use the sale to the City of Indianapolis in forming his opinion of the value of Bests' property, and the court properly refused to strike his entire testimony. Insofar as the cases cited by Bests support the proposition that that sale should not have been presented to the jury, the trial court did grant Bests' motion to strike that portion of Chitwood's testimony and thus any error was cured. *State* v. *Lenox, supra* (250 Ind. at 488).

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 339 N.E.2d 82.