**J. John MARSHALL Appellant–
Plaintiff Below,**

**v.**

**Lois I. BIRD, et al Appellee–
Defendant Below.**

No. 71A03–9101–CV–27.

Court of Appeals of Indiana,
Third District.

Aug. 29, 1991.

Donald E. Wertheimer, South Bend, for appellant-plaintiff.

Frederick B. Ettle, South Bend, for appellee-defendant.

STATON, Judge.

After John Marshall as seller brought an action on a contract to purchase real estate against Lois I. Bird and Chris and Becky Baker, he was granted a default judgment. Later, he filed for proceedings supplemental. In response, Bird filed a T.R. 60 Motion for relief from judgment by either granting a partial satisfaction of judgment or granting a setoff equal to the value of the real estate repossessed by Marshall.[1] Bird's motion was granted. Marshall appeals raising these five issues:

I.  Whether the trial court erred in ordering a setoff against the judgment.

II.  Whether the trial court's setoff amount was erroneously determined.

III.  Whether the trial court erroneously failed to consider waste or injury to the real estate in computing the setoff amount.

IV.  Whether the trial court failed to include post-judgment interest in computing the setoff amount.

V.  Whether the trial court erroneously included attorney fees in the setoff amount.

Affirmed.

### STANDARD OF REVIEW

A motion for relief from judgment under Ind. Rules of Procedure, Trial Rule 60 is addressed to the equitable discretion of the trial court, and its grant or denial will be disturbed only when that discretion has been abused. *Fairfield v. Fairfield* (1989), Ind., 538 N.E.2d 948, *reh. denied.* An abuse of discretion will be found only when the trial court's action is clearly erroneous; i.e., against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Id.* In this case, for Bird to have prevailed under subdivision (B)(7) of this rule, she must have affirmatively demonstrated that relief was necessary and just. *Fairrow v. Fairrow* (1990), Ind., 559 N.E.2d 597.

### I.  *Grant of Rule 60(B) Motion*

Marshall first contends that the grant of Bird's 60(B) motion was not necessary because the default judgment contained language that obligated Marshall to retake the property, safeguard it and otherwise mitigate his damages. The default judgment reads in part:

IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED that plaintiff have and recover of and from defendants Becky L. Baker and Lois I. Bird, jointly and severally, the sum of $41,163.56 plus the costs of this action. Upon satisfaction of said judgment,

---

**1.**  As of the date the lawsuit was filed, the Bakers (and Bird as guarantor) were over $5,000.00 in arrears on the contract, which had a remaining balance of approximately $35,000 (nearly the entire principal amount).

plaintiff is directed to execute and deliver a warranty deed to the subject real estate under the October 14, 1986 land contract to Chris B. Baker and Becky L. Baker or their designee. Further, plaintiff is entitled to retake possession of the subject real estate and, at his option, hold said property until this judgment is satisfied; lease said property; or sell said property to a third party. Accordingly and alternatively, if plaintiff succeeds in selling the subject real estate, then said defendants shall be given credit against the judgment entered herein to the extent of the selling price received from a third party purchaser subject to appropriate adjustments for future expenses to be incurred by plaintiff that are chargeable to these defendants. Court further finds that plaintiff is only entitled to the judgment entered herein and not in a doubling or duplication thereof by virtue of a similar summary judgment entered against the co-defendant, Chris B. Baker on this date. *Any credits or offsets received by plaintiff shall be applied against this default judgment and said summary judgment.*

Record, pp. 42–43 (emphasis supplied).

Bird sought relief under subsection (B)(7) of Trial Rule 60, which allows a court to relieve a party or his legal representative from an entry of default when "[t]he judgment has been satisfied, released, or discharged, ... or it is no longer equitable that the judgment should have prospective application."

In ruling in favor of Bird, the trial court determined:

2. That the Court grants in part the relief sought by Defendant's counsel in rhetorical paragraph 3 of Defendant's Motion for Relief from Judgment and finds that [Marshall], having repossessed the subject real estate, is enjoying its full use and enjoyment, including rental or sale thereof; the Defendant Bird, therefore, is entitled to a setoff or grant of partial satisfaction of judgment, pursuant to Rule 13(M) in the sum of $34,-593.00.

Record, p. 106.

It is apparent from the wording of the default judgment that the trial court contemplated the possibility of credits and offsets against the judgment. Trial Rule 13(M), relied upon by the trial court, states in part: "Satisfaction of a judgment or credits thereon may be ordered, for sufficient cause, upon notice and motion." *Id.* Our courts have long had both inherent and statutory power to entertain actions to determine whether a judgment has been carried out and satisfied. *McOuat v. Cathcart* (1882), 84 Ind. 567; *Wilson v. Wilson* (1976), 169 Ind.App. 530, 349 N.E.2d 277.

The record indicates that Marshall is in possession of the subject real estate, and that he is currently garnishing Bird's wages. Although Marshall acknowledges a duty to mitigate damages, the record is bereft of any indication he has attempted to do so in the months following the default judgment. Bird has demonstrated that relief was both necessary and just. The trial court did not abuse its discretion in granting relief from judgment in this instance. *See Wilson, supra* at 534–35, 349 N.E.2d at 279–80 (petition for interpretation of judgment to determine extent of obligation for attorney fees could properly be considered under Trial Rule 60(B)(7) or Trial Rule 13(M)); 4 W. Harvey, Indiana Practice § 60.10 (1991).

## II. *Amount of Setoff*

■ Marshall next contends that the trial court erroneously determined the setoff amount as the amount owing on the land contract as of June 1, 1989, arguing that a sheriff's sale should have been ordered to arrive at a more accurate value of the property. Bird maintains that evidence of purchase price is an accepted method for establishing the value of real estate. We agree with the latter proposition.

■ The price voluntarily paid by a purchaser is admissible as evidence of the property's fair market value. *Arlington State Bank v. Colvin* (1989), Ind.App., 545 N.E.2d 572, *trans. denied* (1990); *Indiana Tri–City Plaza Bowl, Inc. v. Glueck's Es-*

*tate* (1981), Ind.App., 422 N.E.2d 670. Marshall himself admits that a sheriff's sale may or may not realize a fair market value amount. Appellant's Brief, pp. 16, 17. In *State v. Valley Development Co.* (1971), 256 Ind. 278, 268 N.E.2d 73, *reh. denied,* an eminent domain case, our supreme court determined that the jury could consider the purchase price of real estate, along with other factors, as evidence of its fair market value, even though the transaction occurred some seven years prior to trial. *See also Best v. State* (1975), 167 Ind.App. 378, 339 N.E.2d 82. That the court in this case used the amount of unpaid principal as opposed to the price paid for the land is of little consequence where the two figures are nearly identical. The trial court did not err in considering the purchase price in establishing the current value of the property. Marshall contends, however, that the trial court failed to consider factors other than the purchase price. *Valley Development Co, supra,* at 281, 268 N.E.2d at 76. It is to this contention that we now turn.

### III. *Waste*

■ Marshall argues that the trial court failed to consider waste and damage to the property in computing the setoff amount. A purchaser of land on contract has the right to use and enjoy the property, including the right to commit waste, unless the commission of waste injures such a part of the property so as to render the remaining debt insecure. *Finley v. Chain* (1978), 176 Ind.App. 66, 374 N.E.2d 67.[2] However, Bird maintains that Marshall may not now claim any measure of damages for waste because he presented no evidence of the same to the trial court. We must agree.

As set forth above, we may only reverse a trial court's determination under the abuse of discretion standard when it is clearly erroneous; i.e., against the logic and effect of the facts before it and the inferences which may be drawn therefrom. *Fairfield, supra,* at 950. A review of the

record indicates that Marshall made no claim for damages due to the purported waste of the premises. Marshall acknowledges that no evidence of waste was before the court. Appellant's Brief, p. 12. Therefore, the trial court had no facts before it on which to grant such damages. We cannot say that the trial court committed an abuse of discretion on this issue.

### IV. *Post-judgment Interest*

■ Marshall also contends that the trial court failed to include post-judgment interest in calculating the setoff amount. The relevant statute provides:

> Except as otherwise provided by statute, interest on judgments for money whenever rendered shall be from the date of the return of the verdict or finding of the court until satisfaction at:
>
> (1) The rate agreed upon in the original contract sued upon, which shall not exceed an annual rate of ten percent (10%) even though a higher rate of interest may properly have been charged according to the contract prior to judgment; or
>
> (2) An annual rate of ten percent (10%) if there was no contract by the parties.

IC 24–4.6–1–101.

■ Indiana courts have wrestled with the question of whether an award of interest is a matter of legal right or a matter within the discretion of the trier of fact. *See Fort Wayne National Bank v. Scher* (1981), Ind.App., 419 N.E.2d 1308, 1310–12, *trans. denied.* However, the fundamental principle underlying such an award is that there has been a deprivation of the use of money or its equivalent and that, unless interest is awarded, the injured party cannot be fully compensated for the loss suffered. *Id.* at 1310–11; *Indiana Insurance Co. v. Sentry Insurance Co.* (1982), Ind. App., 437 N.E.2d 1381, 1391. The evidence is undisputed that Marshall retook possession of the subject property upon default, in accordance with the provisions of the

---

**2.** To the extent the court of appeals in *Finley* held that damages for waste in excess of the proceeds from a foreclosure action are recoverable beyond the amount recoverable as a defi-

ciency judgment, *Finley* was overruled in *Morris v. Weigle* (1978), 270 Ind. 121, 383 N.E.2d 341 n. 3, *reh. denied.*

land contract. Marshall was not deprived of his property for the statutory period, and accordingly, he is not entitled to post-judgment interest. The trial court did not err in so ruling.

### V. *Attorney Fees*

For his final allegation of trial court error, Marshall contends that the trial court erroneously included attorney fees of $25.00 in the unpaid principal on which the court based the setoff amount of $34,-593.00. Record, p. 106. However, Marshall himself computed the unpaid principal to be $34,593.00. Record, p. 35. The trial court committed no error in this respect.

Affirmed.

GARRARD, J., concurs in result.

SHIELDS, J., concurs.