STATE of Indiana ex rel. Lynda F. HUP-PERT, as Judge of the Marion Small Claims Court, Washington Township Division, and Lynda F. Huppert, as Judge of the Marion Small Claims Court, Washington Township Division, Appellants–Plaintiffs,

v.

Ray C. PASCHKE, as Trustee of Washington Township, Marion County, Indiana, and Township Board of Washington Township, Marion County, Indiana, Appellees–Defendants.

No. 49A02–9304–CV–152.

Court of Appeals of Indiana, Second District.

June 21, 1994.

---

Claude M. Warren, Jr. and Charles B. Huppert, Indianapolis, for appellants.

James C. Spencer and Charles R. Grahn, Indianapolis, for appellees.

FRIEDLANDER, Judge.

Judge Lynda Huppert of the Marion Small Claims Court, Washington Township Division, and the State of Indiana on behalf of Judge Huppert (collectively referred to as "Huppert"), appeal the grant of a Motion for Relief from Judgment on behalf of Ray Paschke, a Trustee of Washington Township in Marion County, and the Township Board of Washington Township, Marion County (collectively referred to as "Township Board"). Upon appeal, Huppert presents three issues for our review, which we consolidate and restate as follows: Did the trial court err in granting the Township Board's T.R. 60(B) motion for relief from judgment?

Following are the facts most favorable to the judgment. On January 19, 1991, Judge Huppert filed a five-count complaint against the Township Board and the City–County Council of Indianapolis (City Council). Only counts IV and V are relevant to this appeal. Those counts set out the pertinent facts and are reproduced below.

## IV.

### "MANDATE AGAINST THE CITY–COUNTY COUNCIL

15. That IC 33–11.6–3–6 provides that the 'county council' [now Council] shall approve, increase and/or decrease the salary of the judges of the Marion Small Claims Court.

16. That [Judge Huppert's] salary has been increased and set exclusively by the Board for and since the 1985 budget year in contravention of IC 33–11.6–3–6.

17. That the Council has failed to comply with said IC 33–11.6–3–6 since the 1985 budget year.

18. That the Board has attempted to set the salary of [Judge Huppert] for the 1991 budget year in contravention of said statute.

19. That the Trustee is currently paying a salary to [Judge Huppert] both in contravention of the salary purportedly set by the Board and that salary last approved by the Counsel [sic].

20. That an appropriate and competitive salary should be set by the Council.

WHEREFORE, the State and [Judge Huppert] pray that this Court mandate the Council to comply with IC 33–11.6–3–6 with regard to the statutory duty of setting the salary of [Judge Huppert].

## V.

### INJUNCTION AGAINST THE TOWNSHIP BOARD

21. That IC 33–11.6–3–6 provides that the 'county council' [now Council] shall approve, increase and/or decrease the salary of the judges of the Marion Small Claims Court.

22. That [Judge Huppert's] salary has been increased and set exclusively by the Board for and since the 1985 budget year in contravention of IC 33–11.6–3–6.

23. That the Board has attempted to set the salary of [Judge Huppert] for the 1991 budget year in contravention of said statute.

24. That the Board has no authority to either set, increase or decrease the salary of judges of Marion Small Claims Court.

WHEREFORE, [Judge Huppert] prays that the Board be enjoined from setting, increasing or decreasing the salary of [Judge Huppert]." *Record* at 29.

In summary, Judge Huppert alleged that her salary had been set by the Township Board, a duty which should have been performed by the City Council.

On February 14, 1991, Huppert filed a motion for partial summary judgment seeking to enjoin the Township Board from setting her salary. In support of the motion, Huppert cited Ind.Code 33–11.6–3–6, which provides:

"(a) Within each county the salary of all members of the small claims court who serve full time shall be of the same amount and initially shall be twenty thousand dollars ($20,000) per annum per member.

"COUNTY: __Marion__
TOWNSHIP: __Washington__
JUDGE: __Lynda F. Huppert__
FULL TIME: __ PART TIME: X

(b) The salary of each member of the small claims court who serves part time shall be in an amount determined by the township board and approved by the county council.

(c) The salary of a member of the small claims court shall not be reduced during his term of office.

(d) At any other time, salaries of any full-time or part-time member of a small claims court may be increased or decreased by the county council."

Believing that the question of whether a judge serves in a full-time or part-time court was a factor in the proper application of I.C. 33–11.6–3–6, Judge Huppert submitted an affidavit which reads, in pertinent part, "That [Judge Huppert] is a judge of a full time [sic] division of the Marion Small Claims Court as is shown herein by resolution of the Washington Township Advisory Board on May 20, 1975, which resolution was enacted pursuant to I.C. 33–11.6–2–3...." *Record* at 43. Attached to the affidavit were the minutes of a meeting of the Washington Township Advisory Board at which it was decided that "the Marion County Small Claims Court, Washington Township Division, be conducted as a full time [sic] court...." *Record* at 48. On September 5, 1991, the trial court granted Huppert's motion for partial summary judgment based in part upon a finding that Judge Huppert "is a judge of a full time [sic] division of the Marion Small Claims Court." *Record* at 101.

On May 1, 1992, the Township Board filed a Motion for Relief From Judgment, requesting the trial court to set aside the partial summary judgment order of September 1, 1991 upon the ground of newly discovered evidence. In support of its motion, the Township Board attached, among other things, a copy of the "newly discovered evidence," a Small Claims Court Revenue Report which was filed by Marion Small Claims Court on January 3, 1992. The relevant portion of the report appears as follows:

THIS REPORT COVERS THE PERIOD
FROM: [1/1/91] TO: [12/31/91]
PREPARED BY: __Joan K. Baker__
DATE PREPARED: __Jan. 3, 1992__ "

*Record* at 116. Following a hearing at which evidence and oral arguments were presented, the trial court granted the Township Board's motion to reconsider and set aside the partial summary judgment which had been granted in Huppert's favor. Huppert appeals the granting of the Township Board's motion to reconsider and the setting aside of partial summary judgment.

## I.

■ Rule 60(B)(2) of the Indiana Rules of Trial Procedure provides that a trial court may relieve a party from an entry of adverse judgment upon "any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59." Huppert complains that the Township Board's T.R. 60(B) motion is inappropriate because it amounts to an impermissible substitute for a direct appeal.

Huppert is correct in asserting that a T.R. 60(B) motion cannot be used in the place of a direct appeal, nor is it intended to provide a safety net for those whose lack of diligence has resulted in expiration of the applicable time limitations for perfecting an appeal. *Vazquez v. Dulios* (1987), Ind.App., 505 N.E.2d 152. Rather, T.R. 60(B) allows courts to set aside judgments upon "procedural, equitable grounds justifying relief from the legal finality of judgment." *Greengard v. Indiana Lawrence Bank* (1990), Ind. App., 556 N.E.2d 1373.

■ The Township Board argued to the trial court, and argues upon appeal, that its motion should be granted based upon subparagraph (2), newly discovered evidence. Relief from judgment based upon newly discovered evidence requires a showing that the newly discovered evidence is material, is not merely cumulative or impeaching, was not discoverable by due diligence, and would reasonably and probably alter the result. *Freels v. Winston* (1991), Ind.App., 579 N.E.2d 132. Evidence which was not in existence at the time of the contested decision may not form the basis for granting a T.R. 60(B)(2) motion for relief from judgment based upon newly discovered evidence. *Mattingly v. Whelden* (1982), Ind.App., 435 N.E.2d 61.

In the instant case, the Township Board submitted two reports as "newly discovered evidence" in support of its motion. The first report, entitled "SMALL CLAIMS COURT REVENUES REPORT", was completed January 3, 1992. The second report is entitled "Quarterly Report to County Clerk" and was completed on January 3, 1992 and submitted to the Clerk of Marion County. Both reports upon which the Township Board relied were completed several months *after* the trial court granted partial summary judgment in favor of Huppert. Therefore, the trial court's ruling may not be affirmed based upon newly discovered evidence under T.R. 60(B)(2). *Mattingly, supra.* However, our determination that the evidence offered in support of the motion is not "newly discovered evidence" within the meaning of the rule is not tantamount to a determination that the ruling was erroneous. Trial Rule 60(B) contains other grounds for granting a motion for relief from judgment.

■ We find no cases which discuss whether the grant of a T.R. 60(B) motion may be affirmed upon a ground that was not argued by the motion's proponent to the trial court or upon appeal.[1] We perceive no reason to constrain a court upon reviewing the granting of such a motion to affirming only upon the grounds advanced by the motion's proponent, whether to the trial court or upon appeal. This is not to say that parties may relax in presenting their argument with specificity and in depth. To the contrary, one who chooses to present such motions without identifying the specific grounds relied upon does so at considerable risk. Neither do we intend to imply that trial courts and appellate courts are obligated to grant such motions upon any ground possible. We conclude only that a court may grant such a motion upon a ground not argued by the proponent if the

---

1. The trial court issued a general order granting the Township Board's motion for relief from judgment which did not specify upon which T.R. 60(B) ground for relief its order was based.

court concludes that such is consistent with the duty of a court of equity to do justice.

Trial Rule 60(B)(8) provides that a motion for relief from judgment may be granted for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." This provision allows courts to vacate judgments "within the residual power of a court of equity to do justice." *Graham v. Schreifer* (1984), Ind.App., 467 N.E.2d 800. Such relief may be invoked only upon a showing of "exceptional circumstances justifying extraordinary relief." *Id.* at 803.

In the instant case, the statute which the trial court sought to interpret represents a legislative mandate regarding the method for setting salaries of small claims court judges. We must presume that the statute was enacted after careful legislative consideration and for reasons deemed to be in the public interest. Moreover, it is especially important to adhere as closely as possible to the legislature's intent because the matter involves the expenditure of public funds. Although finality of judgments is an important consideration in making an equitable determination such as this, it does not justify rigid adherence to an order which, in effect, could result in thwarting the intent of the legislature in perpetuity on a matter involving the expenditure of public funds. We therefore conclude that this is an exceptional circumstance justifying setting aside the order of partial summary judgment, if such is warranted by the evidence.

Two of the four issues presented by Huppert pertain to the technical requirements of "newly discovered evidence" within the meaning of T.R. 60(B)(2). Inasmuch as we have determined that the trial court's ruling is sustainable under sub-paragraph (8) and not sub-paragraph (2), we need not discuss Huppert's arguments in this regard. The other two issues may be condensed into a single question: does the information in the reports, i.e., Huppert's classification of herself as a part-time judge of the Marion Small Claims Court, provide sufficient justification for setting aside the prior grant of partial summary judgment?

## II.

The basis for the Township Board's motion for relief was its contention that the relevant fact to be established, for purposes of application of IC 33.11.6–3–6, was the full- or part-time status of the *judge*, not the court. Accordingly, the Township Board petitioned for relief when it "discovered" evidence that Judge Huppert was not a full-time judge. Huppert argues upon appeal that the trial court's original ruling was not based upon a finding that she was a full-time judge, but rather upon a finding that, as stated in the affidavit, she was the judge of a full-time court.

The order accompanying the grant of partial summary judgment is susceptible to either interpretation. Perhaps, as the language of the order suggests, the trial court originally interpreted the statute as identifying the full- or part-time status of the court as the critical factor in determining who sets a judge's salary. In such case, the trial court's granting of the T.R. 60(B) motion may reflect that it reconsidered and decided that the status of the judge, not the court, is the determinative factor. On the other hand, perhaps the trial court never changed his original view that the status of the judge is determinative, but reevaluated the meaning of Judge Huppert's affidavit in light of the "newly discovered evidence".

When the trial court ruled upon the partial summary judgment motion, there was no evidence before it that Judge Huppert was not a full-time judge of Marion Small Claims Court. The revenue report submitted by the Township Board in support of its T.R. 60(B) motion provides evidence to controvert the trial court's finding, if it is interpreted as such, that Judge Huppert was a full-time judge. Additionally, in opposing the motion, Judge Huppert herself submitted documents dating back to 1980 in which she represented herself to be a part-time judge of the full-time Marion Small Claims Court.

In the event that the order granting partial summary judgment was based upon the full- or part-time status of Judge Huppert, these documents create a sufficient question of fact upon Judge Huppert's status so as to

**155**

render summary judgment upon that issue inappropriate. The same result follows if granting the motion to reconsider reflects the trial court's intention to revisit the question of which of the two is the determinative factor, i.e., the full- or part-time status of the court or the judge, in view of the extraordinary circumstances set out above. Therefore, the trial court did not err in granting the Township Board's Motion for Relief from Judgment.

Finally, this opinion should not be interpreted as support for either of the competing views offered by the parties as to the proper construction of the statute. We express no opinion as to whether the full- or part-time status of the judge, as opposed to the court, is determinative.

Judgment affirmed.

SULLIVAN, J., concurs with opinion.

GARRARD, J., concurs.

SULLIVAN, Judge, concurring.

I concur in the majority opinion which affirms the trial court's determination to set aside the partial summary judgment in favor of Judge Huppert. I write separately, however, in order to emphasize that our decision does not approve the Board's attempt to inject an issue by way of a T.R. 60(B) petition, which issue was not presented by the partial summary judgment motion. In point of fact, after the time for appeal had expired, the Board "discovered" that the full-time judge vs. full-time court issue was crucial. Such "discovery" is not grounds for relief under T.R. 60(B).

Nevertheless, I agree with the majority to the extent that this decision does not require an erroneous summary judgment to remain in place. Neither party truly perceived the determinative factors which were necessarily involved in the litigation.

T.R. 56(C) clearly provides that summary judgment is proper only if the moving party "is entitled to judgment as a matter of law." Here, because threshold issues concerning the full time-part time question were not resolved, the majority wisely and correctly

remands for consideration of the judge/division and full-time/part-time issues.