**MERKOR MANAGEMENT,
Appellant–Plaintiff,**

v.

**Robbie McCUAN and Donna McCuan,
Appellees–Defendants.**

**No. 45A05–9907–CV–326.**

Court of Appeals of Indiana.

May 9, 2000.

Edward P. Grimmer, Crown Point, Indiana, Attorney for Appellant.

Garry A. Weiss, Law Offices of Garry A. Weiss, Merrillville, Indiana, Attorney for Appellee.

## OPINION

KIRSCH, Judge

Merkor Management (Merkor) appeals the trial court's order setting aside a default judgment against Robbie and Donna McCuan.

We affirm in part and remand.

## FACTS AND PROCEDURAL HISTORY

The McCuans leased a townhome from Merkor. By July 1997, they had become delinquent in their monthly rent payments. Thus, on July 8, 1997, Merkor instituted eviction proceedings. The McCuans did not appear at the immediate possession hearing on July 22, 1997. The trial court ordered the McCuans to vacate the townhome and set the hearing for damages for August 26, 1997. After the hearing on damages, the trial court entered a default judgment in favor of Merkor for $7,424.26 for unpaid rents due through the end of the lease in February 1998, late fees, and costs, plus attorney's fees of $2,000. It gave credit to the McCuans for their security deposit, leaving a net judgment of $8,694.26.

In May 1999, the McCuans moved to set aside the default judgment. After a hearing, the trial court granted their motion. Merkor now appeals.

## DISCUSSION AND DECISION

■ Rule 60(B) of the Indiana Rules of Trial Procedure provides that a trial court may relieve a party from an entry of adverse judgment upon specified procedural, equitable grounds justifying relief from the legal finality of judgment. *State ex rel. Huppert v. Paschke*, 637 N.E.2d 150, 153 (Ind.Ct.App.1994) (quoting *Greengard v. Indiana Lawrence Bank*, 556 N.E.2d 1373 (Ind.Ct.App.1990)). Our review of a trial court's decision on a motion for relief from judgment under the rule is limited to determining whether the trial court abused its discretion. *Lehnen v. State*, 693 N.E.2d 580, 581 (Ind.Ct.App.1998), *trans. denied* 706 N.E.2d 169 (Ind.1998). An abuse of discretion occurs where the trial court's ruling is clearly against the logic and effect of the facts and inferences before the court. *Weppler v. Stansbury*, 694 N.E.2d 1173, 1176 (Ind.Ct.App.1998). In exercising its discretion, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of both the prevailing party and society in the finality of litigation. *Ford Motor Co. v. Ammerman*, 705 N.E.2d 539, 558 (Ind.Ct.App.1999), *trans. denied, cert. denied* — U.S. —, 120 S.Ct. 1424, — L.Ed.2d — (2000) (quoting *Greengard*, 556 N.E.2d at 1375). In reviewing the trial court's decision, we will not reweigh the evidence. *Id.*

■ In this case, the McCuans argued and the trial court agreed that the default judgment against them should be set aside based on Ind. Trial Rule 60(B)(6) and (8), which provide that a trial court may set aside a judgment that is void or for any reason justifying relief from the operation from the judgment. However, we may affirm the grant of a T.R. 60(B) motion on a ground that was not argued by the motion's proponents to the trial court or on appeal. *Huppert*, 637 N.E.2d at 153.

■ ■ Subsection (B)(7) provides that a trial court may relieve a party from judgment if "the judgment has been satisfied, released, or discharged ... or if it is no longer equitable for the judgment to have prospective application." T.R. 60(B)(7). To prevail under this subsection, a party must affirmatively demonstrate that relief was necessary and just. *Marshall v. Bird*, 577 N.E.2d 254, 255 (Ind.Ct.App.1991), *trans. denied* (1992). In *Marshall*, the seller of property obtained a default judgment against the purchaser for over forty thousand dollars. The seller then regained possession of the real estate. The purchaser moved for relief from judgment under subsection (B)(7) of T.R. 60. The trial court ruled in favor of the purchaser, determining that the purchaser was entitled to a setoff or partial satisfaction of the judgment in the amount of the value of the real estate.

On appeal, we upheld the trial court's decision, noting that "[o]ur courts have long had both inherent and statutory power to entertain actions to determine whether a judgment has been carried out and satisfied." *Id.* at 256. We held that the

purchaser had demonstrated that relief was both necessary and just, and the trial court did not abuse its discretion in granting relief from judgment under the circumstances. *Id.*

We explained the mechanism through which a trial court may order such relief in *Mid–West Fed. Sav. Bank v. Epperson,* 579 N.E.2d 124, 129 (Ind.Ct.App.1991), where we noted that "[m]otions brought pursuant to T.R.60(B) often can be construed as T.R. 13(M) motions. Trial Rule 13(M) recognizes the inherent power of the courts to issue orders to assist in the enforcement of their judgments and to entertain actions to determine whether a judgment has been carried out and satisfied."[1]

■ We so construe the McCuan's motion. In this case, the record evidence indicates that Merkor relet the townhome less than two months after the McCuans vacated it. A landlord is required to use such diligence as would be exercised by a reasonably prudent person under similar circumstances to relet the premises. *Sandor Dev. Co. v. Reitmeyer,* 498 N.E.2d 1020, 1023 (Ind.Ct.App.1986), *trans. denied* (1987) (citing *Hirsch v. Merchants Nat'l Bank & Trust Co. of Indiana,* 166 Ind. App. 497, 336 N.E.2d 833 (1975)). If the landlord's efforts are successful, the tenant is entitled to a set off in the amount of the rents collected from the subsequent tenant. *See id.* As such, the McCuans are entitled to a set off or satisfaction of the judgment against them in the amount of the rent collected by Merkor from the subsequent tenants. The bulk of the default judgment against the McCuans was for future unpaid rents under the lease. The McCuans have demonstrated that relief from the judgment is both necessary and just under the circumstances.

■ Nonetheless, Merkor argues that the McCuans did not bring their motion within a reasonable time as required by T.R. 60. The determination of what constitutes a reasonable time varies with the circumstances of each case. *Standard Lumber Co. of St. John, Inc. v. Josevski,* 706 N.E.2d 1092, 1095 (Ind.Ct.App.1999) (citing *Kessen v. Graft,* 694 N.E.2d 317, 321 (Ind.Ct.App.1998), *trans. denied*). Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. *Id.* at 1096. In this case, there is no prejudice to Merkor from the McCuan's motion. To the contrary, Merkor would have received a windfall by enforcing the judgment, as it could have collected the judgment against the McCuans and rent from the subsequent tenant for the same time period. Merkor has not suffered a loss in the amount of the judgment against the McCuans. Therefore, it suffers no prejudice from the trial court's decision to grant the McCuans relief from the judgment.

Although the Record indicates that the townhome was re-leased, it does not demonstrate the amount of the rent Merkor collected from the subsequent tenants. We therefore affirm the trial court's decision to the extent that it grants the McCuans relief from the judgment and remand this cause to the trial court for a hearing to determine the amount of the set off to which the McCuans are entitled.

Affirmed and remanded.

SULLIVAN, J., and BAKER, J., concur.

---

1. Ind. Trial Rule 13(M) provides in part: "Satisfaction of a judgment or credits thereon may be ordered, for sufficient cause, upon notice and motion."