## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
May 15 2015, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael R. Franceschini
Ayres Carr & Sullivan, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Estate of Margaret S. Jones | May 15, 2015 |
| | Court of Appeals Case No. 29A02-1410-ES-736 |
| John A. Jones, Jr., | Appeal from the Hamilton Superior Court |
| *Appellant-Defendant-Personal Representative,* | The Honorable Steven R. Nation, Judge |
| v. | Cause Nos. 29D01-0802-ES-32 and 29D01-0804-MI-422 |
| Joyce E. Schaefer, | |
| *Appellee-Plaintiff-Beneficiary,* | |
| and | |
| Suzanne D. VanGombos, Alexandra Margaret Windle, Sean Frances Windle, Charlene J. Windle (n/k/a Shar A. Windle), | |

*Nominal Appellees-Defendants*

**Bradford, Judge.**

# Case Summary

Margaret S. Jones ("Decedent"), who lived on a farm in Hamilton County, died testate in 2007, having executed one will in 1997, one in 1999, and two in 2005. Decedent was survived by four children: Appellee-Plaintiff-Beneficiary Joyce Schaefer; Appellant-Defendant-Personal Representative John A. Jones, Jr.; Suzanne VanGombos; and Shar Windle. In 2008, an estate was opened for Decedent, the will executed in January of 2005 was probated, and Jones was appointed personal representative of Decedent's estate. Later in 2008, Schaefer filed a will contest, contending that a will executed in May of 2005 was Decedent's true last will and testament and that the will executed in January along with a trust agreement were invalid.

In 2012, the parties entered into an agreement regarding disposition of the estate, which provided that Decedent's 1997 will would be enforced, Schaefer would receive Decedent's farmhouse, most of the farmland would be sold off to settle claims against the estate, and Jones would continue as personal representative. Among the claims were $186,417.00 in attorney's fees that had already been accrued, representing over 40% of the value of the estate.

[3] In December of 2012, when Jones filed a final account of the estate and petitioned to close the estate and distribute assets, Schaefer objected that Jones had not paid taxes of approximately $5000.00 due in 2013 on the farmhouse. The trial court approved Jones's final account (including the award of attorney's fees) with the exception that Jones was made liable for certain repairs that Schaefer had previously paid for. With the litigation well into its seventh year, the trial court ruled that Jones was indeed responsible for property taxes that became due in 2013 and the repair costs and awarded Schaefer $3000.00 in attorney's fees.

[4] On appeal, Jones contends that the trial court erred in ordering him liable for the 2013 property taxes and repair costs, granting Schaefer's motion for relief from judgment, denying his motion to correct error, and in awarding attorney's fees to Schaefer. We conclude that the trial court did not err in holding Jones liable for property taxes due and payable in 2013, granting Schaefer's motion for relief from judgment, and denying Jones's motion to correct error. We further conclude, however, that the trial court erred in holding Jones's liable for the repair costs and in ordering an award of attorney's fees. Consequently, we affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

[5] On March 14, 1997, Decedent executed a will, bequeathing four equal shares of her estate to Schaefer, Jones, VanGombos and Windle. Decedent owned a family farm located in Hamilton County, which included improvements such as

a house and pole barn. Decedent later executed additional wills in 1999; January 31, 2005; and May 17, 2005, and several instruments related to "The Margaret S. Jones Stewardship Trust." On November 28, 2007, Decedent passed away. On February 13, 2008, an estate was opened for Decedent ("the Administration Case"), and Jones was appointed personal representative pursuant to the January 31, 2005, will.

[6] On April 7, 2008, Schaefer filed a complaint to contest the January 31, 2005, will and a related trust instrument ("the Contest Case"), alleging that the will executed on May 17, 2005, was Decedent's true will and last testament. On April 10, 2008, Jones filed suit, alleging that an instrument entitled "Margaret S. Jones Revocable Stewardship Trust" dated May 17, 2005, and an amendment to that instrument, were invalid. The two suits were eventually consolidated into the Contest Case.

[7] On March 1, 2012, the parties resolved the Contest Case with a settlement agreement ("the Agreement"). The Agreement provided, *inter alia*, that (1) Decedent was declared incompetent to make estate planning decisions as early as September 29, 1999; (2) the will of March 14, 1997, was therefore valid; (3) Jones would continue as personal representative of the estate; and (4) five acres of the farm to include the house and pole barn would be set aside for Schaefer with the remainder to be sold. Among the claims against the estate to be settled by the proceeds of the sale of farmland were attorney's fees totaling $186,417.00. Pursuant to the Agreement, Schaefer was to receive the farmhouse, pole barn, and tangible personal property in her possession; Jones was to receive a cash payment equal to the value of the farmhouse and pole

barn; and the residuary estate would be split equally among Decedent's four children.

[8] On May 3, 2012, Schaefer paid $350.00 to have flashing secured that had been damaged in a storm. On May 11, 2012, Schaefer paid $950.00 to have three fallen trees removed from the farm. A dispute arose between Schaefer and the estate regarding just which five acres of the farm would be transferred to her, a dispute that was resolved in an agreed entry filed July 20, 2012, in the Administration Case. On August 14, 2012, Schaefer paid $409.00 for the repair of a telephone jack and several power outlets.

[9] Property taxes on the farm that were due in November of 2012 were paid by Jones. On December 7, 2012, Jones filed, in the Administration Case, a personal representative's final account, a petition to settle and allow account, and a petition to distribute assets and close Decedent's estate. Jones's submission did not provide for a distribution to pay property tax on the farm; property taxes that became due and payable in 2013 totaled $5093.76. On December 6, 2013, Schaefer filed an objection to Jones's account, alleging that he failed to keep farm buildings in repair, pay real estate taxes, and maintain the property as it was when the Agreement was reached in the Contest Case. A hearing on the final account was conducted on December 9, 2013. At the conclusion of the hearing, the trial court took the matter under advisement. On December 17, 2013, the trial court filed its order approving personal representative's final account and petition for authority to distribute assets and close Decedent's estate. With the exception of the $1709.00 in repair expenses related to the farm property that had been paid by Schaefer, all other claims and

objections by Schaefer were disallowed. Consistent with the terms of the Agreement, the order provided for distributions of $104,514.27 to Schaefer, $102,558.02 to Jones, $18,321.97 to VanGombos, and $18,321.98 to Windle. The order also approved Jones' proposed distribution of $186,417.00 for attorney's fees.

[10] On January 23, 2014, Jones filed a motion for *nunc pro tunc* entry in the Administration Case, seeking clarification that any property taxes, assessments, and penalties, if any, first due and payable after the Agreement are the obligation of Schaefer. On March 3, 2014, the trial court, having requested and received no objection, issued its order approving the *nunc pro tunc* entry. On April 2, 2014, Schaefer filed an "appeal" of the *nunc pro tunc* order under the Contest Case's cause number. On May 5, 2014, Jones filed his response to Schaefer's appeal, arguing that the allegations were without merit and filed in the wrong cause number in any event. On May 14, 2014, Schaefer amended her appeal, adding an allegation that Jones had perjured himself in the final account hearing on December 9, 2013. On May 16, 2014, Jones filed a motion to strike Schaefer's appeal, which the trial court denied. The trial court set the matter for a hearing on July 28, 2014, under the Administration Case cause number. On July 21, 2014, Schaefer filed an amended motion for relief from judgment in the Contest Case, and the trial court set the matter for hearing on July 28, 2014.

[11] On July 31, 2014, the trial court issued its order granting Schaefer's amended motion for relief from judgment. The order provides as follows:

The parties appeared in person and/or by counsel on July 28, 2014 for a hearing concerning pending Motions. Counsel for Joyce Eve Schaefer ("Mrs. Schaefer") advised the Court that her AMENDED MOTION FOR RELIEF FROM JUDGMENT, filed July 21, 2014, should be heard in lieu of any of her other pending Motions. Counsel further requested, and the Court granted, that such Motion should be considered under this cause and also under *In the Matter of the Estate of Margaret S. Jones, Decedent* ("the Estate"), Cause No. 29D01-0804-ES-000032. Counsels for both Mrs. Schaefer and the Estate requested, and the Court permitted, the reopening of this case to allow additional evidence and arguments which were presented and completed. The Court took the matter under advisement.

The Court now having reviewed such Motion, the evidence and arguments presented, and the previous record in this cause, and being duly advised, now FINDS and ORDERS as follows:

1. That under well-settled Indiana law, property owners are responsible for the property taxes assessed upon their property. *See Foresman v. Chase*, 68 Ind. 500, 505 (Ind. 1879).

2. That prior to the conveyance to Mrs. Schaefer, the Estate held the deed to parcels 08-05-31-00-00-020.00A and 08-05-00-00-020.000 (collectively, the "Five-Acre Tract"). The ORDER APPROVING PERSONAL REPRESENTATIVE'S FINAL ACCOUNT, PETITION TO SETTLE AND ALLOW ACCOUNT, AND PETITION FOR AUTHORITY TO DISTRIBUTE ASSETS REMAINING AND CLOSE ESTATE, filed December 17, 2013, was recorded on December 23, 2013 thereby vesting title to the Five Acre Tract in Mrs. Schaefer on December 23, 2013.

3. That the conveyance which vested title of the Five-Acre Tract in Mrs. Schaefer was silent with respect to property taxes.

4. That absent an agreement to the contrary in the conveyance, transferors are responsible for property taxes:

> Absent an agreement to the contrary, there is a presumption that the buyer receives title by a general warranty deed, and according to [Ind. Code § 32-17-1-2], the buyer takes title free of any encumbrances. Thus, absent an express agreement to the contrary, the seller is responsible for any taxes and other obligations incurred prior to the date of sale.

*Wolvos v. Meyer*, 668 N.E.2d 671, 676 (Ind. 1996).

5. That as the deedholder of the Five-Acre Tract, the Estate was responsible for paying the property taxes assessed on the Five-Acre Tract. Such property taxes were a tax incident to the cost of the administration of the estate within the meaning of the Probate Code. *See* Ind. Code § 29-1-7.5-3(a)(18).

6. That the filing of the MOTION FOR NUNC PRO TUNC ENTRY, filed January 23, 2014, was improper and that there was no basis in the record for such filing. The motion, rather than correcting an omission in the record, improperly created a material change to this Court's prior ruling, contrary to the purpose of a *nunc pro tunc* entry. *See Brimhall v. Brewster*, 835 N.E.2d 593, 597 (Ind. Ct. App. 2005) (quoting *Harris v. Tomlinson*, 30 N.E. 214, 216 (Ind. 1892)).

7. That Mrs. Schaefer's AMENDED MOTION FOR RELIEF FROM JUDGMENT should be and is hereby GRANTED. The NUNC PRO TUNC ORDER APPROVING PERSONAL REPRESENTATIVE'S FINAL ACCOUNT, PETITION TO SETTLE AND ALLOW ACCOUNT, AND PETITION FOR AUTHORITY TO DISTRIBUTE ASSETS REMAINING AND CLOSE ESTATE ("Nunc Pro Tunc Order"), filed March 4, 2014, should be and is hereby VACATED. If the Nunc Pro Tunc Order was recorded, the Personal Representative of the Estate is Ordered to record this Order correcting the title and reinstating the original conveyance as recorded on December 23, 2013.

8. That the Personal Representative of the Estate of Margaret S. Jones is responsible for and shall immediately pay all

property taxes, special assessments, delinquencies, and penalties assessed on the Five-Acre Tract due and payable prior to the vesting of title in Joyce E. Schaefer.

    9.    That the Personal Representative of the Estate of Margaret S. Jones shall immediately pay attorney's fees incurred by Mrs. Schaefer in the resolution of this dispute in the amount of $3,000.00 (10 hours at $300 per hour).

    10.    That the Personal Representative shall promptly file a supplemental report showing earnest compliance with this Order, and all efforts shall be made to bring this matter and all matters pending under this cause and all related causes to an expeditious end.

Appellant's App. pp. 152-54.

On August 28, 2014, Jones filed a motion to correct error, which motion the trial court denied on September 25, 2014.

# Discussion and Decision

The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52.

> When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. "First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law." *Estate of Reasor v. Putnam County*, 635 N.E.2d 153, 158 (Ind. 1994) (citation omitted). Findings will only be set aside if they are clearly erroneous. *Id*. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." *Id*. (citation omitted). A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *State v. Van Cleave*, 674

N.E.2d 1293, 1296 (Ind. 1996), *reh'g granted in part*, 681 N.E.2d 181 (Ind. 1997). In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.* at 1295.

*Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). It is well-settled, however, that "on appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record." *Havert v. Caldwell*, 452 N.E.2d 154, 157 (Ind. 1983).

# I. Property Taxes

Jones argues that the trial court erred in concluding that he, acting in his capacity as personal representative, is liable for property taxes on the farm that came due during the administration of the estate. What this boils down to is a dispute over the payment of $5093.76 in property tax on the farm that became due and payable in 2013. Jones argues that the estate should not be required to pay property taxes that came due after his filing of the final account, which occurred on December 7, 2012. We disagree with Jones on this point. Indiana Code section 29-1-7-23 provides that

> When a person dies, his real and personal property, passes to persons to whom it is devised by his last will, or, in the absence of such disposition, to the persons who succeed to his estate as his heirs; but it shall be subject to the possession of the personal representative and to the election of the surviving spouse and shall be chargeable with the expenses of administering the estate, the payment of other claims and the allowance is under IC 29-1-4-1, except as otherwise provided in IC 29-1.

So, upon Decedent's death, the farm "passed" to Schaefer by operation of statute, albeit "subject to" Jones's possession. However, Indiana Code section 29-1-13-1(1) provides that

> [e]very personal representative shall have a right to take, and shall take, possession of all the real and personal property of the decedent. The personal representative … shall pay the taxes and collect the rents and earnings thereon until the estate is settled or until delivered by order of the court to the distributees[.]

Indiana Code section 29-1-14-9 reiterates the personal representative's obligation to pay property taxes while the estate is open, but clarifies that "no personal representative shall be required to pay any taxes on any property of the decedent unless such taxes are due and payable before possession thereof is delivered by the personal representative pursuant to the provisions of IC 29-1." In summary, the relevant statutory authority clearly indicates that the personal representative is liable for property taxes that become due and payable before the estate is settled. Jones has failed to establish that the trial court's order that Jones pay all property tax due and payable prior to the closing of the estate, which occurred on December 17, 2013, is clearly erroneous.

## II.  Repairs to the Farm

Jones also challenges the trial court's order that the estate pay for $1709.00 in repairs at the farm, contending that the record does not establish when the damage occurred. Indiana Code section 29-1-13-1(2) provides that "[t]he personal representative … shall keep in tenantable repair the buildings and fixtures under the personal representative's control[.]"  In addition to a lack of

evidence that any of the damage at issue occurred during the personal representative's "possession" of the property pursuant to Indiana Code chapter 29-1-13, there is no evidence that any part of the farm was ever under Jones's control, as the concept is commonly understood. It is undisputed that Schaefer lived on the farm, and there is no evidence that Jones had any hand in day-to-day operations or maintenance. Jones has established that the trial court erred in ordering that the estate be charged $1709.00 for repairs.

## III.  Indiana Trial Rule 60(B)

[18] Jones contends that Schaefer failed to show any basis on which she would have been entitled to relief from judgment pursuant to Trial Rule 60(B).

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
> (1) mistake, surprise, or excusable neglect;
> (2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59; [or]
> * * * *
> (8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

Ind. Trial Rule 60(B).

[19] > We review the grant or denial of Trial Rule 59 motions to correct error and Trial Rule 60(B) motions for relief from judgment under an abuse of discretion standard. *Speedway SuperAmerica, LLC v. Holmes,* 885 N.E.2d 1265, 1270 (Ind. 2008); *Outback Steakhouse of Florida v. Markley,* 856 N.E.2d 65, 72 (Ind. 2006).

> On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Miller v. Moore,* 696 N.E.2d 888, 889 (Ind. Ct. App. 1998).

*Cleveland v. Clarian Health Partners, Inc.*, 976 N.E.2d 748, 755 (Ind. Ct. App. 2012), *trans. denied*.

[20] In its order granting Schaefer's motion for relief from judgment, the trial court did not specifically identify a ground for its ruling. Our review of the trial court's order seems to indicate that it was granted on the basis that its previous conclusion regarding responsibility for 2013 property taxes on the farm was erroneous as a matter of law. We see no reason why Schaefer's claim in this regard could not have been raised in a motion to correct error, and, as such, may justify relieving a party from a judgment pursuant to trial rule 60(B)(2). We would affirm the trial court's ruling on this ground alone.

[21] Moreover, "on appellate review the trial court's judgment will be affirmed if sustainable on any theory or basis found in the record." *Havert*, 452 N.E.2d at 157. Our review of the record and the trial court's findings indicates that the grant of Schaefer's motion for relief from judgment may have been motivated more than a little by notions of equity.

> Trial Rule 60(B)(8) provides that a motion for relief from judgment may be granted for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4)." This provision allows courts to vacate judgments "within the residual power of a court of equity to do justice." *Graham v. Schreifer* (1984), Ind. App., 467 N.E.2d 800. Such relief may be invoked only upon a

showing of "exceptional circumstances justifying extraordinary relief." *Id.* at 803.

*State ex rel. Huppert v. Paschke*, 637 N.E.2d 150, 154 (Ind. Ct. App. 1994).

[22] As long ago as the final accounting hearing on December 9, 2013, the trial court expressed its desire that, once it issued its ruling, "then this matter can be over [and] at that point, everyone can go on with their lives." Tr. p. 34. The trial court's order on Schaefer's motion for relief from judgment also directed that "all efforts shall be made to bring this matter and all matters pending under this cause and all related causes to an expeditious end." Appellant's App. p. 154. The trial court, looking back on litigation that was into its seventh year (now, thanks to this appeal, its eighth) and which included awards of attorney's fees that had already depleted the estate of over 40% of its value, may reasonably have concluded that equity demanded an end to it all. For the reasons stated above, we conclude that the trial court did not abuse its discretion in this regard.

## IV. Newly Discovered Evidence

[23] Jones contends that the trial court should have granted his motion to correct error, which was based on allegedly newly-discovered evidence. Specifically, Jones attached an affidavit to his motion to correct error tending to show that in April of 2014, Schaefer withdrew a property tax payment she had made in November of 2012 and was advised that doing so would subject her property to tax sale. As we have concluded, Schaefer was not obligated to pay property tax that accrued in 2012 to be payable in 2013, so her withdrawal of money that

might have been applied to that obligation is irrelevant. The trial court did not abuse its discretion in denying Jones's motion to correct error on the basis of newly discovered evidence.

# V.  Attorney's Fees

[24]    Finally, Jones contests the trial court's award of $3000.00 in attorney's fees to Schaefer. On appeal from an award of attorney's fees, this court applies the "clearly erroneous" standard to factual determinations, reviews legal conclusions de novo, and determines whether the amount of a particular award constituted an abuse of the trial court's discretion. *See H & G Ortho, Inc. v. Neodontics Int'l, Inc.*, 823 N.E.2d 734, 737 (Ind. Ct. App. 2005). We conclude that the trial court's award of attorney's fees in this case was erroneous as a matter of law. Indiana Code section 34-52-1-1 provides, in part, that

> In any civil action, the court may award attorney's fees as part of the cost *to the prevailing party*, if the court finds that either party:
>
>> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>>
>> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or
>>
>> (3) litigated the action in bad faith.

(Emphasis added). Even if we were to assume that Jones pursued his claims in bad faith (of which there is no evidence), he has prevailed on one of them, the issue of who is liable for $1706.00 in repairs to the farm property incurred in

2012. Because Schaefer is not the prevailing party, the trial court is not permitted to award her attorney's fees.

# Conclusion

[25] We conclude that the trial court properly concluded that Jones is liable for property taxes that became due and owing at any time during the pendency of the estate. We further conclude that the trial court did not abuse its discretion in granting Schaefer's motion for relief from judgment or denying Jones's motion to correct error. However, we also conclude that the trial court erred in ordering that Jones pay for certain repairs on the farm property and in awarding Schaefer attorney's fees. We remand with instructions for entry of a new order consistent with this memorandum decision.

[26] We affirm the judgment of the trial court in part, reverse it in part, and remand with instructions.

Vaidik, C.J., and Kirsch, J., concur.